JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>     Plaintiff,<br><br>v.<br><br>WAYNE COUNTY SCHOOL SYSTEM, and<br>HAROLD HILL, in his individual capacity,<br><br>     Defendants. | Civil Action No: _____ |

## <u>COMPLAINT</u>

COMES NOW Jane Doe, Plaintiff in the above-styled matter, and files her Complaint against Defendants Wayne County School System and Harold Hill, in his individual capacity, showing the Court as follows:

## <u>PARTIES, JURISDICTION and VENUE</u>

1.    Plaintiff Jane Doe[1] is a resident and citizen of Wayne County, Georgia, and by the filing of this Complaint submits to the jurisdiction and venue of this Court.

2.    At all relevant times to this action, Plaintiff Doe was a minor and a student attending Wayne County High School located in Jesup, Wayne County, Georgia.

3.    Wayne County High School is a public high school located within the School District known as Wayne County School System and was at all relevant times a recipient of federal funds within the meaning of, and therefore subject to, Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.* (hereinafter "Title IX").

---

[1] Plaintiff has filed a Motion for Leave to Proceed Under Pseudonym for the sole purpose of protecting her identity and privacy as a victim of sexual assault in this highly personal and sensitive matter.

4.     Defendant Wayne County School System (hereinafter "WCSS") is a political subdivision (i.e., School District) of the State of Georgia created pursuant the Georgia Constitution, Article VIII, § 5, paragraph 1 and 2, and O.C.G.A. § 20-2-50 for the purpose of providing public education to school age children residing within the geographical boundaries of Wayne County, Georgia. Defendant WCSS is subject to the jurisdiction of this Court and may be served with process through its Superintendent, Dr. Sean Kelly, at 710 W. Pine St. Jesup, Wayne County, Georgia 31545.

5.     At all relevant times to this action, WCSS was responsible for the policies, practices, and regulations of Wayne County High School.

6.     Defendant Harold Hill is a resident and citizen of Liberty County, Georgia, and may be served with process at his last known address of 101 Autumn Rift Road, Midway, Georgia, 31320-0139.

7.     At all relevant times subject to this action, Defendant Hill was an JROTC instructor at Wayne County High School and was employed by Defendant WCSS until he was permitted to resign due to the incident complained of herein.

8.     The Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this litigation involves matters of federal law, specifically, claims pursuant to 20 U.S.C. § 1681 *et seq.* and 42 U.S.C. § 1983.  Jurisdiction is also appropriate pursuant to 28 U.S.C. § 1343(a)(3) & (4) because Plaintiff seeks redress and damages deprivation of civil and federal rights under 42 U.S.C. § 1983.

9.     The Court also has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 § U.S.C. 1367(a) because such claims are part of the same case or controversy that gives rise to Plaintiff's claims under federal law.

2

10.     The Court has venue of this action pursuant to 28 § U.S.C. 1391 because the events or omissions giving rise to the subject claims occurred in Wayne County, Georgia, which is situated within the district and divisional boundaries of the Brunswick Division of the Southern District of Georgia, and because one or one or more of the Defendants reside within said District and Division.

11.     All parties are subject to the jurisdiction of this Court.

12.     Venue is proper in this Court.

## **FACTS**

13.     Plaintiff realleges and incorporates paragraphs 1 through 12 of this Complaint by reference with the same force and effect as if fully set forth herein.

14.     Between the August 2021 and May 2022 academic school year, Plaintiff was a minor and an eleventh-grade student at Wayne County High School.

15.     Plaintiff Doe turned eighteen in September of 2022.

16.     Defendant Harold Hill was hired by Defendant WCSS on or around September of 2021 for the position as an Army JROTC Instructor for the Wayne County High School.[2]

17.     On or about October 19, 2021, during Plaintiff's JROTC class, she attempted to return her JROTC drill rifle to the school's storage trailer.

18.     Defendant Hill followed Plaintiff inside the school's storage trailer.

19.     When Defendant Hill entered the trailer, he pushed Plaintiff to the ground, held her down, and touched Plaintiff's genitals and other areas of her body without her consent.

---

[2] Some of the duties and responsibilities for the Army JROTC Instructor position were to (1) create a classroom environment conducive to learning and the personal growth of students; and (2) to comply with military and school district safety guidelines when instructing, supervising, monitoring, and accompanying cadets. *See* Position Announcement.

20.    Plaintiff attempted to escape but was stopped when Defendant Hill wrapped his legs around Plaintiff and asked her if she felt the same way about him as he did about her.

21.    Plaintiff told Defendant "no" and Defendant released her, and Plaintiff fled from the trailer.

22.    Immediately after the incident, Plaintiff attempted to notify a school administrator, Brandon Short, but he was unavailable at the time.

23.    Plaintiff left the school and called her father, Mr. Doe,[3] and informed him about the incident.

24.    Plaintiff's father notified his wife, Mrs. Doe, who was a teacher at the school, about the incident, and he contacted the Jesup Police Department.

25.    Plaintiff returned to the school later that day with her father, where they met with Plaintiff's mother.

26.    While at the school, Plaintiff was examined by the school nurse, Shellie Martin, RN.

27.    Plaintiff's parents asked Nurse Martin to take photographs of Plaintiff's injuries but she refused to do so because "she was not comfortable."[4]

28.    Plaintiff was interviewed by Vice Principal Patrick Edwards and Mr. Short, and by Officer Ryan Vickers of the Jesup Police Department.

29.    On or about October 20, 2021, Plaintiff and her parents went to Safe Harbor Children's Advocacy Center where she was interviewed by Detective Chris Hamilton of the Jesup Police Department.

---

[3] The name of Plaintiff's father and mother are also both pseudonyms to protect the identify of Plaintiff.

[4] As a result of the incident, Plaintiff sustained extensive bruising on her right and left shoulders, right hip and pelvic area, and left arm and elbow. There was also a small circular bruise on the back side of her left arm around the elbow that resembled bite marks. *See* Wayne County School Service Student Accident Report.

4

30. Detective Hamilton informed the family that the department would issue a warrant for Defendant Hill's arrest.

31. On or about October 21, 2021, Plaintiff's parents met with Principal Dr. Brett McDaniel to discuss the supportive measures and a plan for Plaintiff to return to school following the incident.

32. During the October 21st meeting, Principal McDaniel informed Mr. and Mrs. Doe of the following:

    a. Plaintiff would attend school remotely from home via Google Classroom for two weeks;

    b. Upon Plaintiff's return to school on November 2, 2021, Plaintiff would:

        i. Park in the teacher's parking lot;

        ii. Be escorted to her classes; and

        iii. Be checked on by a school administrator and/or employee.

33. On or around November 2, 2021, Plaintiff attempted to return to school under the plan and supportive measures organized by Principal McDaniel.

34. When Plaintiff arrived at school, no one escorted her to her first-block class period, which was her JROTC class, nor did anyone check in on her.

35. Defendants WCSS made no efforts to assist Plaintiff in her return to school and violated and ignored its plan to assimilate Plaintiff back into school.

36. Plaintiff had a panic attack and left school the same day.

37. When Mrs. Doe contacted the school about the school's failure to check in on Plaintiff and provide an escort, Mrs. Doe was told that the school "did not expect Plaintiff to be back this soon."

38. Plaintiff's parents requested that Plaintiff attend her JROTC class remotely via Google classroom and that someone from the school escort Plaintiff to her other classes and check in on her according to the plan created by Principal McDaniel.

39. When Plaintiff returned to school the next day, no one escorted Plaintiff to her classes.

40. The school did not provide an escort for Plaintiff to attend her classes nor did the school have anyone check in on Plaintiff while she was at school in accordance with the plan.

41. On or about November 8, 2021, Mrs. Doe sent an email to Mr. Short notifying him that Plaintiff was being bullied by students in her JROTC class about the incident and that the students were blaming Plaintiff for what had happened to her.

42. Plaintiff continued to experience constant harassment and bullying from classmates regarding the incident with no relief or intervention by the school.  The bullying and harassment was of such severity and frequency that Plaintiff was unable to focus on learning.

43. After Christmas break, in an attempt to get back to her normal life, Plaintiff returned to school with her regular schedule.

44. On or about January 13, 2023, a full-scale lockdown with multiple agencies was conducted at the school and Plaintiff's vehicle was searched and damaged in the process.

45. Detective Hamilton and Mr. Short performed the vehicle search.

46. The search of and damage to Plaintiff's vehicle was a response to and in retaliation for Plaintiff reporting sexual assault.

47. Plaintiff's grades declined and she was mentally and emotionally distracted and withdrawn from school as a result of the incident.

48.     Plaintiff failed her literature class, her French class, and she quit JROTC. *See* Transcripts.

49.     On or about April 19, 2022, Plaintiff's JROTC instructor, Ted Marcus, led a class discission on the topic of rape and why women get raped more often than men.

50.     During the discussion, Mr. Marcus reportedly stated that "women get raped more often than men because they do not wear enough clothes."

51.     Plaintiff and her parents were disturbed by Mr. Marcus' remarks, and Plaintiff's parents sent an email to Principal McDaniel regarding the incident but Principal McDaniel did not respond.

52.     Mr. Doe made two attempts to meet with Principal McDaniel at school but was told that Principal McDaniel was not available.

53.     On or about April 22, 2022, Mr. Doe met with Principal McDaniel regarding the April 19th incident, and Mr. Doe was told by Principal McDaniel that he would look into it.

54.     Principal McDaniel did not do anything to address the issue.

55.     Despite having actual knowledge of Plaintiff's sexual assault and her needs to recover from the assault, as well as ongoing harassment and bullying by students and teachers, Defendant WCSS failed to implement the supportive measures to prevent Plaintiff from continued harassment, mental anguish, and denial of educational benefits.

56.     There is a pending criminal case against Defendant Harold Hill in Wayne County, Georgia, for the offense of False Imprisonment (O.C.G.A. § 16-5-41), Sexual Battery (O.C.G.A. § 16-6-22.1(E)), and Battery (O.C.G.A. § 16-5-23.1(E)), relating to subject incident.

## DEFENDANTS' FAILURES TO COMPLY WITH ESSENTIAL TITLE IX PROVISIONS

57. In 1998, the U.S. Supreme Court held, "[t]he number of reported cases involving sexual harassment of students in schools confirms that harassment unfortunately is an all too common aspect of the educational experience." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 292 (1998).

58. In 1999, the U.S. Supreme Court held that schools may be liable for private claims brought pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.* (hereinafter "Title IX") for monetary damages when they are deliberately indifferent to teacher-against-student sexual misconduct and harassment. *See Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629 (1999).

59. In January 2001, the U.S. Department of Education Office for Civil Rights ("OCR") issued *Revised Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students, or Third Parties* ("2001 OCR Guidance"), informing all U.S. schools receiving Federal financial assistance, including Defendant, that "[p]reventing and remedying sexual harassment in schools is essential to ensuring a safe environment in which students can learn."

60. OCR also stated: "[S]chools need to ensure that employees are trained so that those with authority to address harassment know how to respond appropriately, and other responsible employees know that they are obligated to report harassment to appropriate school officials. Training for employees should include practical information about how to identify harassment and, as applicable, the person to whom it should be reported."

61.     The 2001 OCR Guidance stated, with respect to teacher-against-student sexual harassment: "Sexual harassment of a student by a teacher or other school employee can be discrimination in violation of Title IX.  Schools are responsible for taking prompt and effective action to stop the harassment and prevent its recurrence."  "If the school fails to take the necessary steps, however, its failure to act has allowed the student to continue to be subjected to a hostile environment that denies or limits the student's ability to participate in or benefit from the school's program. The school, therefore, has engaged in its own discrimination. It then becomes responsible, not just for stopping the conduct and preventing it from happening again, but for remedying the effects of the harassment on the student that could reasonably have been prevented if the school had responded promptly and effectively."

62.     On April 4, 2011, OCR sent *Dear Colleague Letter: Sexual Violence* ("2011 OCR Guidance"), subsequently withdrawn, to all U.S. public schools, including Defendant, that issued a "call to action" to the nation's schools because of "deeply troubling" data regarding school-place sexual violence. OCR informed schools, "[d]uring the 2007-2008 school year, there were 800 reported incidents of rape and attempted rape and 3,800 reported incidents of other sexual batteries at public high schools." The Guidance stated, "[a] number of different acts fall into the category of sexual violence, including rape, sexual assault, sexual battery, and sexual coercion. All such acts of sexual violence are forms of sexual harassment covered under Title IX."

63.     The 2011 OCR Guidance reminded schools they have an obligation to investigate reports of sexual harassment, must designate at least one employee to coordinate and

comply with Title IX responsibilities, and recommended schools provide training and education to employees and students on sexual harassment and violence.

64.    On April 24, 2013, OCR sent *Dear Colleague Letter: Retaliation*, to all U.S. public schools, including Defendant, reminding them they may not retaliate against students or parents who complain to a school about a civil rights violation like sexual discrimination.

65.    On April 24, 2015, OCR sent *Dear Colleague Letter: Title IX Coordinators* and issued a *Title IX Resource Guide* to all U.S. public schools, including Defendants. OCR reminded schools of their obligation to designate at least one employee as a Title IX Coordinator who is responsible for coordinating the school's efforts to comply with and carry out the school's Title IX responsibilities, pursuant to 34 C.F.R. § 106.8(a). OCR stated, "In our enforcement work, OCR has found that some of the most egregious and harmful Title IX violations occur when a recipient fails to designate a Title IX coordinator or when a Title IX coordinator has not been sufficiently trained or given the appropriate level of authority to oversee the recipient's compliance with Title IX."

66.    Defendant WCSS's lack of training is evident in the way it subjected Plaintiff to victim blaming, took no effort to assist Plaintiff in returning to school, directed or allowed Plaintiff's new JROTC instructor to blame her for her own sexual assault, subjected her to baseless searched of her property, and allowed employees and other students to continue to harass and bully Plaintiff for her assault.

67.    Upon information and belief, at all times relevant hereto, Defendants had no Title IX coordinator or other employees at Wayne County High School designated to handle complaints of sexual harassment who were adequately trained in receiving,

10

coordinating, or investigating reports of sexual harassment and discrimination against students.

68.    At all times relevant hereto, Defendant officially adopted sexual harassment policies that were inequitable and inadequate with respect to investigating and properly responding to reports of teacher-against-student sexual harassment, and, in any event, based upon information and belief, Defendants failed to provide training or education on those policies to administrators, staff, students, and parents.

## CAUSES OF ACTION

### Federal Claims

### Count I – Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.* – as to Defendant WCSS

69.    Plaintiff realleges and incorporates paragraphs 1 through 68 of this Complaint by reference with the same force and effect as if fully set forth herein.

70.    Defendant WCSS is an "educational program or activity receiving Federal financial assistance..." within the meaning of Title IX.

71.    Defendant WCSS, by and through its Board of Education, established, operated and maintained a public school system for school aged children of a defined area within Jesup, Wayne County, Georgia.

72.    Title IX of the Education Amendment of 1972 ("Title IX"), 20 U.S.C. §1681(a) states in pertinent part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . .

73.   At all relevant times herein, Defendant Harold Hill's conduct toward Plaintiff constituted sexual harassment or abuse amounting to prohibited sex discrimination under Title IX. Defendant Harold Hill's sexual assault of Plaintiff was unwelcome and created an intimidating and offensive school environment, and resulted in the violation of Title IX (20 U.S.C. § 1681 et seq.).

74.   The response by the agents and employees of Defendants WCSS to Plaintiff's sexual assault, to include ignoring her rights and needs in her attempt to return to school, to specifically targeting her with baseless property searches and victim-blaming speeches by teachers, and allowing other students to continuously to bully and harass Plaintiff about her assault, constituted sexual harassment or abuse amounting to prohibited sex discrimination under Title IX.

75.   Defendant WCSS is duty bound to comply with and meet the standards, regulations, and requirements set forth in Title IX and to take whatever steps are necessary to see that all students, including but not limited to Plaintiff, are free from sexual discrimination practices and that supportive measures are offered and implemented in the educational programs provided at Wayne County High School to preserve equal access to the school's education program.

76.   "Supportive measures" is defined in the Title IX regulations contained in 34 C.F.R. § 106.30(a) as "non-disciplinary, non-punitive individualized services offered as appropriate, as reasonably available, and without fee or charge to the complainant or the respondent before or after the filing of a formal complaint or where no formal complaint has been filed."[5]

---

[5] Examples of supportive measures include "counseling, extensions of deadlines or other course related adjustments, modifications of work or class schedules, campus escort services, mutual restrictions on contact between the parties,

77.   At all times relevant to this action, Defendant WCSS had a duty, the ability, the authority, and an obligation to offer and implement supportive measures in response to actual knowledge of Plaintiff's sexual assault by Defendant Harold Hill.

78.   Defendant WCSS's failure to implement and carry out supportive measures amounted to deliberate indifference, such that Defendant WCSS acted willfully, indifferently, and unreasonably in light of the known circumstances.

79.   Despite having direct and actual knowledge of Plaintiff's sexual assault and the issues Plaintiff had afterwards in her attempts to return to school, Defendant WCSS failed to implement the plan developed with Plaintiff to attempt to safely return her to school, conducted baseless searches of her vehicle in an attempt to further alienate Plaintiff and cause her to leave school, and directed and permitted Plaintiff's teacher to conduct a speech in Plaintiff's JROTC class blaming women for their own sexual assaults.

80.   Despite having direct knowledge of Plaintiff's sexual assault and ongoing harassment directed at Plaintiff by fellow students as well as teachers, Defendant WCSS did nothing to prevent Plaintiff from being further harassed.

81.   Defendant WCSS, through its employees and agents, acted intentionally, with actual malice, or with deliberate indifference to the consequences in its actions towards Plaintiff.

82.   Defendant's administrators, employees, and agents with actual knowledge of Ms. Doe's many reports had the authority and ability to investigate and take meaningful corrective action to remediate sexual harassment and the hostile educational environment Ms. Doe suffered, but failed to do so.

_____

changes in work or housing locations, leaves of absence, increased security and monitoring of certain areas of the campus, and other similar measures." 34 C.F.R. § 106.30(a).

83.     Defendant's failure to take any meaningful corrective action to remediate the sexual harassment and hostile education environment that Ms. Doe experienced after, and because of, reporting sexual assault, was clearly unreasonable in light of the known circumstances.

84.     Through its actions and inaction, Defendant WCSS was deliberately indifferent to the sexual assault, violence, and continued harassment that Ms. Doe suffered at Wayne County High School, and proximately caused severe injuries to Ms. Doe.

85.     Through its actions and inaction, Defendant WCSS created a climate in which sexual harassment was tolerated, thus encouraging other students' and its own employees' sexual harassment, torment, and bullying against Ms. Doe, and proximately caused severe injuries to Ms. Doe.

86.     As a result of Defendant WCSS's deliberate indifference, Ms. Doe was subjected to additional sexual harassment by Wayne County High School students, teachers, and administrators.

87.     The sexual harassment, assault, and violence Defendant Hill inflicted on Ms. Doe was severe, pervasive, and objectively offensive, and effectively barred Ms. Doe's access to educational opportunities and benefits.

88.     The ongoing sexual harassment that Wayne County High School's students and Defendant WCSS's teachers and administrators inflicted on Ms. Doe was severe, pervasive, and objectively offensive, and materially impaired and effectively barred Ms. Doe's access to educational opportunities and benefits.

89.     Specifically, Defendant WCSS violated Title IX by, *inter alia*:

a.  Punishing Ms. Doe by searching her car because she reported sexual violence to school officials;

b.  Refusing to conduct and document a physical examination for her after she reported sexual assault;

c.  Ignoring complaints and reports regarding Wayne County High School students' and teacher's sexual harassment and bullying against Ms. Doe, or being deliberately indifferent thereto;

d.  Failing to conduct an unbiased investigation into Ms. Doe's reports of sexual misconduct, or being deliberately indifferent thereto;

e.  Requiring Ms. Doe to protect herself from further sexual harassment and bullying following her report of sexual assault;

f.  Failing to implement safety measures promised to Ms. Doe upon her return to school, to include escorts into and around school and periodic checks on her wellbeing;

g.  Creating a climate that tolerated sexual harassment against Ms. Doe, or being deliberately indifferent thereto;

h.  Failing to develop or adopt policies and procedures to properly address complaints of teacher-against-student sexual harassment, assault, violence, and post-report sexual harassment and bullying;

i.  Failing to develop or adopt policies and procedures regarding proper investigation of reports of teacher-against-student sexual harassment, assault, and violence;

j.  Failing to provide policy, procedures, or training for administrators, employees, students, and students' parents about sexual harassment and assault;

15

k.  Failing to discipline Defendant WCSS's employees and agents identified herein for their willful disregard to Ms. Doe's safety and rights, or being deliberately indifferent thereto;

l.  Failing to provide, offer, recommend, or coordinate adequate health, psychological, counseling, and academic assistance and services to Ms. Doe after she was sexually assaulted and then harassed and bullied, or being deliberately indifferent thereto; and

m.  Through other actions, inaction, and deliberate indifference.

90.  As a direct and proximate result of Defendant WCSS's failure to implement supportive measures, Plaintiff suffered significant mental, emotional, and psychological harm, was forced to endure extreme and emotional distress, and was subjected to a hostile school environment.

91.  Defendant WCSS failed to adhere to its obligations under Title IX and are therefore liable to Plaintiff under Title IX for damages in such amount that will compensate her for the physical and emotional injuries and damages she has suffered as well as other special general damages incurred and are likely to incur as a result of Defendant's violations of Title IX.

**Count II – Retaliation in Violation of Title IX, 20 U.S.C. § 1681 *et seq.***

92.  Plaintiff realleges and incorporates paragraphs 1 through 91 of this Complaint by reference with the same force and effect as if fully set forth herein.

93.  Reporting sexual assault and harassment to school officials is a statutorily protected activity under Title IX.

94.  Reporting incidents of sex discrimination is integral to Title IX enforcement.

16

95.    Because Ms. Doe reported sexual harassment and assault to Defendant WCSS, Defendant WCSS's administrators, employees, and agents retaliated against her by, among other things, targeting her and her vehicle in a search by police on campus; directing or allowing a teacher to conduct a speech in Plaintiff's JROTC class blaming sexual assault victims for their assault; permitting other students to harass and bully Plaintiff regarding her sexual assault; ignoring attempts by Plaintiff to address ongoing difficulties at school regarding her sexual assault, and refusing to provide Plaintiff with meaningful accommodations.

96.    Defendant WCSS, through its agents, acted materially adversely to Ms. Doe in that it negatively impacted her educational record, deprived her of educational opportunities and benefits, and subjected her to a hostile education environment.

97.    As a direct and proximate result of Defendant's retaliation, Ms. Doe sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to: past, present, and future physical and psychological pain, suffering and impairment; medical bills, counseling, and other costs and expenses for past and future medical and psychological care; a marred educational record, and impaired educational capacity and future earning capacity; and attorneys' fees and costs.

**Count III – Violation of 42 U.S.C. §1983 – as to Defendant WCSS**

98.    Plaintiff realleges and incorporates paragraphs 1 through 97 of this Complaint by reference with the same force and effect as if fully set forth herein.

99.    42 U.S.C. §1983 authorizes private parties to enforce their federal constitutional rights and federal statutory rights against defendants who have acted under color of state law.

100. Sexual harassment is a form of unlawful sex discrimination that can violate the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

101. Plaintiff's Equal Protection rights were violated when she suffered sexual harassment and discrimination at Wayne County High School.

102. Plaintiff had federal civil rights secured by federal statute, Title IX of the Education Amendments of 1972, which provides in pertinent part: [N]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

103. Title IX was intended to benefit students like Ms. Doe.

104. Title IX provides students like Ms. Doe clear civil rights, which are not amorphous or vague, to be free from known sex discrimination at school.

105. Title IX imposes a binding mandatory obligation on federal funding recipients like Defendant, prohibiting it from discriminating against students on the basis of sex.

106. At all times relevant to this action, Plaintiff had a fundamental, substantive constitutional liberty interest in her body integrity to be free from intrusion into her body, and the right to be free from the infliction of unnecessary pain that was protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

107. At all times relevant to this action, Defendants Harold Hill and WCSS were state actors acting under color of law and was subject to 42 U.S.C. §1983.

108. At all times relevant hereto, Defendant WCSS was a policy maker and an administrator having duties to train, and failed to properly or sufficiently train its administrators, staff,

students, and parents about: school policies concerning sex discrimination and sexual harassment against students; sex discrimination and sexual harassment against students; Title IX and/or teacher-against-student sexual misconduct; identifying, investigating, reporting, and remedying the effects of sexual harassment by students; or, properly responding to and remediating continued harassment and hostility by students and teachers like those who continued to harass Ms. Doe after she reported sexual assault.

109.    Defendant WCSS failed to train its administrators, staff, students and parents despite the plainly obvious need for training on, among other things, teacher-against-student sexual misconduct and identifying, investigating, reporting, stopping, and remediating the effects of sexual harassment.

110.    Defendant WCSS failed to train its administrators, staff, students and parents despite the plainly obvious need for training on, among other things, the prohibition, illegality, and impropriety of retaliating against students like Ms. Doe who report violations of Title IX and teacher-against-student sexual misconduct.

111.    Defendant WCSS, while acting under color of law, maintained a policy or custom where Defendant WCSS made a deliberate or conscious decision to not train or improperly train its employees in implementing supportive measures following incidents of sexual harassment or abuse to restore or preserve equal access to Wayne County High School educational program, rendering Defendant WCSS deliberately indifferent to Plaintiff's federally guaranteed rights.

112.    Evidence of Defendant WCSS's obvious need to train its employees and its failure to train its employees in providing supportive measures required by law, or failure to

19

require its employees to implement their training, is evidenced by the complete and utter lack of response to Plaintiff's needs, to include implementing the plan put in place to return her to school and then refusing to follow that plan, failure to prevent teachers and other students from further harassing Plaintiff, allowing Plaintiff's JROTC instructor to suggest that Plaintiff is to blame for her sexual assault, and specifically targeting Plaintiff in a baseless search of her property on school campus.

113. Defendant WCSS failed to adequately train its administrators, staff, students, and parents, and thereby prohibit or discourage foreseen conduct and retaliation, despite the clearly established and well-known known dangers of sexual harassment, assault, battery, and violence faced by students in U.S. public schools, and thereby was deliberately indifferent.

114. Defendant WCSS's failure to train its administrators, staff, students, and parents effectively denied Ms. Doe's clearly established federal rights and Constitutional rights.

115. Defendant WCSS's failure to train administrators, staff, students, and parents was deliberate, reckless, and in callous indifference to Ms. Doe's federally protected rights.

116. Defendant WCSS acted with actual malice towards Plaintiff, to include ignoring Defendant WCSS's own protocols put into place to assist Plaintiff to return to school, directing and participating with police in searching Plaintiff's care in an act of retaliation or intimidation, and by directing or allowing another teacher to blame Plaintiff's sexual assault on the way she dressed.

117. As a direct and proximate cause of the negligent and intentional acts of Defendant WCSS as set forth above, Plaintiff suffered mental anguish, and denial of educational

benefits in connection with the deprivation of her federal statutory rights guaranteed under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. §1983. Plaintiff is therefore entitled under 42 U.S.C. §1983 to recover from Defendant WCSS special, general and compensatory damages in an amount to be proven at trial.

**Count – IV Violation of 42 U.S.C. §1983 – as to Defendant Harold Hill**

118. Plaintiff realleges and incorporates paragraphs 1 through 117 of this Complaint by reference with the same force and effect as if fully set forth herein.

119. 42 U.S.C. §1983 authorizes private parties to enforce their federal constitutional rights and federal statutory rights against defendants who have acted under color of state law.

120. At all times relevant to this action, Plaintiff had a fundamental, substantive constitutional liberty interest in her body integrity to be free from intrusion into her body, and the right to be free from the infliction of unnecessary pain that was protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

121. At all times relevant to this action, Defendant WCSS was a state actor action under color of law and was subject to 42 U.S.C. §1983.

122. Defendant Harold Hill engaged in sexual and physical assault, battery, false imprisonment, and inappropriate conduct against and towards Plaintiff at Wayne County High School, rendering Defendant Harold Hill actions deliberately indifferent to Plaintiff's federally guaranteed rights.

123. Defendant Hill acted with actual malice when violating Plaintiff's rights.

124. Defendant Harold Hill's wrongful and tortious conduct as complained of herein, was performed under color of state law using the authority and access to Plaintiff allowed by his employment with Defendant WCSS, and deprived Plaintiff of her federal statutory rights.

125. As a direct and proximate cause of the negligent and intentional acts and omissions of Defendant Harold Hill, Plaintiff suffered physical injury, sexual abuse, mental anguish, and denial of educational benefits in connection with the deprivation of her federal statutory rights guaranteed under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. §1983. Plaintiff is therefore entitled under 42 U.S.C. §1983 to recover from Defendant Harold Hill special, general and compensatory damages in an amount to be proven at trial.

**State Law Claims**
**(Against Defendant Harold Hill)**

**Count V– Negligence/Negligence *per se***

126. Plaintiff realleges and incorporates paragraphs 1 through 125 of this Complaint by reference with the same force and effect as if fully set forth herein.

127. At all times relevant herein, Defendant Harold Hill owed a duty of ordinary care requiring that he exercise that degree of care that a similarly situated reasonable person would exercise under same or similar circumstances.

128. The acts and omissions of Defendant Harold Hill set forth herein amount to a breach of said duty, which are actionable as negligence under Georgia law.

129.   In addition to his failure to exercise ordinary care in general, Defendant Harold Hill was negligent *per se* in that he violated several laws and statutes of the State of Georgia, including but not limited to the following:

   a)   The Georgia Code of Ethics for Educators, as incorporated by O.C.G.A. § 20-2-984.1;

   b)   O.C.G.A. § 16-5-41 (false imprisonment);

   c)   O.C.G.A. § 16-6-22.1(E) (sexual battery);

   d)   O.C.G.A. § 16-5-23.1(E) (battery).

130.   The aforementioned misconduct of Defendant Harold Hill was willful, wanton, and with specific intent to commit a wrongful and injurious act.

131.   As a direct and proximate result of the said misconduct, Plaintiff suffered significant psychological harm, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, entitling Plaintiff to an award of damages in an amount to be proven at trial.

**Count VI – Battery**

132.   Plaintiff realleges and incorporates paragraphs 1 through 131 of this Complaint by reference with the same force and effect as if fully set forth herein.

133.   The aforementioned incident of sexual contact and abuse between Defendant Harold Hill and Plaintiff constitute the intentional unlawful touching of Plaintiff's person, which is an actionable battery under Georgia law.

134.   Said misconduct of Defendant Harold Hill was willful, wanton, and with specific intent to commit a wrongful and injurious act, for which the defense of qualified immunity is not applicable under Georgia law.

135.    As a direct and proximate result of the said misconduct, Plaintiff suffered significant psychological harm, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, entitling Plaintiff to an award of damages in an amount to be proven at trial.

## Count VII – False Imprisonment

136.    Plaintiff realleges and incorporates paragraphs 1 through 135 of this Complaint by reference with the same force and effect as if fully set forth herein.

137.    The unlawful detention of Plaintiff by Defendant Harold Hill to commit sexual assault constitutes false imprisonment under Georgia law.

138.    Said detention of Plaintiff by Defendant Harold Hill was unlawful, and committed with the specific intent to deprive Plaintiff of her personal liberty.

139.    As a direct and proximate result of the said misconduct, Plaintiff suffered significant psychological harm, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, entitling Plaintiff to an award of damages in an amount to be proven at trial.

## Count VIII – Intentional Infliction of Emotional Distress

140.    Plaintiff realleges and incorporates paragraphs 1 through 139 of this Complaint by reference with the same force and effect as if fully set forth herein.

141.    The aforementioned sexual assault of Plaintiff by Defendant Harold Hill constitutes intentional infliction of emotional distress, under Georgia law.

142.    Defendant Hill's sexual assault of Plaintiff was reckless and intentional.

143.    The actions and conduct of Defendant Hill were extreme and outrageous and beyond the bounds tolerated by civil society.

144.   Defendant Hill knew or should have known that his actions would cause severe harm to Plaintiff.

145.   Said misconduct of Defendant Harold Hill was willful, wanton, and with specific intent to commit a wrongful and injurious act, for which the defense of qualified immunity is not applicable under Georgia law.

146.   As a direct and proximate result of the said misconduct, Plaintiff suffered significant psychological harm, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment. Said violation by Defendant entitles Plaintiff to an award of damages in an amount to be proven at trial.

### Count IX – ATTORNEY'S FEES – All Defendants

147.   Plaintiff realleges and incorporates paragraphs 1 through 146 of this Complaint by reference with the same force and effect as if fully set forth herein.

148.   By reason of the forgoing deliberate indifference on part of Defendant WCSS for failing to implement supportive measures in response to actual knowledge of sexual assault, retaliation against Plaintiff for reporting sexual assault, and failing to train its employees to implement supportive measures, and Defendant Harold Hill's willful or deliberate indifference to Plaintiff's rights by committing sexual assault, battery, negligence, and intentional infliction of emotional distress, Defendants are liable for litigation expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial with respect to all issues so triable as a matter of right.

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

a) That Defendants be served with a copy of Plaintiff's Summons and Complaint as required by law;

b) That this action be tried by a jury on all matters contained herein;

c) That judgment be entered in favor of the Plaintiff and against the Defendants;

d) That Plaintiff be awarded special damages, past and future, in an amount to be proved at trial;

e) That Plaintiff be awarded general damages, past and future, in an amount to be determined by the enlightened conscience of a fair and impartial jury;

f) That Plaintiff be awarded pre- and post-judgment interest;

g) That Plaintiff be awarded reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

h) That all costs of this action be taxed against Defendants; and

i) That the Court award any additional or alternative relief as this Court deems just and proper.

This 10th day of January, 2024.

OLIVER MANER LLP

*/s/ William J. Hunter*
218 West State Street                     WILLIAM J. HUNTER
P.O. Box 10186                            Georgia Bar No. 141288
Savannah, Georgia 31412                   I. WILLIAM DROUGHT, III
(912) 236-3311                            Georgia Bar No. 411837
(912) 236-8725 *facsimile*
bhunter@olivermaner.com
wdrought@olivermaner.com

*Attorneys for Plaintiff*

26

**<u>Certificate of Service</u>**

This is to certify that I have this day caused service of the foregoing document upon Defendants by means of personal service.

This 10th day of January, 2024.

OLIVER MANER LLP

218 West State Street
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311
(912) 236-8725 *facsimile*
bhunter@olivermaner.com
wdrought@olivermaner.com

*/s/ William J. Hunter*
WILLIAM J. HUNTER
Georgia Bar No. 141288
I. WILLIAM DROUGHT, III
Georgia Bar No. 411837

DOZIER LAW FIRM, LLC

DAVID DOZIER
Georgia Bar No. 228898

487 Cherry Street, Suite 100
Macon, GA 31201
(478) 745-9097 Fax
david@dozierlaw.com

*Attorneys for Plaintiff*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Georgia

| | |
|---|---|
| Jane Doe | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| WAYNE COUNTY SCHOOL SYSTEM, and | ) |
| HAROLD HILL, in his individual capacity, | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  Wayne County School System
c/o Dr. Sean Kelly, Superintendent
710 W. Pine St.
Jesup, Georgia 31545

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  William J. Hunter
OLIVER MANER LLP
P.O. Box 10186
Savannah, Georgia 31412
bhunter@olivermaner.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Georgia

<table>
<tr><td>Jane Doe</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td><i>Plaintiff(s)</i></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>WAYNE COUNTY SCHOOL SYSTEM, and<br>HAROLD HILL, in his individual capacity,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td><i>Defendant(s)</i></td><td>)</td><td></td></tr>
</table>

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*   Harold Hill
101 Autumn Rift Road
Midway, Georgia, 31320

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William J. Hunter
OLIVER MANER LLP
P.O. Box 10186
Savannah, Georgia 31412
bhunter@olivermaner.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
*Signature of Clerk or Deputy Clerk*