IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

|  |  |  |
|---|---|---|
| TREMAR HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | |
| OFFICER WILLIAM RENTZ, | ) | |
| individually, OFFICER JOHN DOE 1-3, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | | |

## **COMPLAINT**

COMES NOW, Plaintiff TREMAR HARRIS, in the above captioned action, by and through his undersigned counsel of record, and files this Complaint and request for damages and respectfully shows the Court the following:

## **JURISDICTION AND VENUE**

### 1.

Plaintiff is a detainee currently held in the Jeff Davis County Jail, and the State of Georgia and submits himself to the jurisdiction and venue of this Court.

### 2.

At all times relevant hereto, Defendant William Rentz was acting under color of state law in his capacity as a corrections officer employed by the Appling County Sheriff's Office. Defendant Rentz is sued in his individual capacity.

3.

Defendant Rentz is, and at all times herein mentioned, a resident of Appling County, Georgia, who may be served at his last known address, 32 Graham Methodist Church Road, Baxley, Georgia 31513-8042.

4.

At all times relevant hereto, Defendant John Does were acting under color of state law in their capacity as a corrections officers employed by the Appling County Sheriff's Office. Defendant John Does are sued in their individual capacities.

5.

Defendant John Does are, and at all times herein mentioned, residents of Appling County, Georgia.

6.

This action is based upon the tortious acts and/or omissions and civil rights violations committed by Defendants within the confines of Appling County, Georgia.

7.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. § 1983 ("§ 1983").

8.

By virtue of the facts contained herein, this Court has jurisdiction and venue of the parties.

## FACTS

9.

On January 29, 2022, Plaintiff Tremar Harris was a pre-trial detainee of the Appling County jail, in solitary confinement.

10.

After lunch on January 29, Defendant Corrections Officer William Rentz and Defendant Corrections Officers John Does entered Plaintiff's cell with a "shock shield" – an electrified shield design to deliver an electric shock to those who come into contact it.

11.

Using the shock shield, Defendants Rentz and John Does delivered several shocks to Plaintiff.

12.

Defendants Rentz and Does then restrained Plaintiff in a restraint chair and left him in the solitary confinement cell for several hours.

13.

Corrections Officer William Rentz returned, took leg shackles from Plaintiffs ankles, and wrapped them around Plaintiff's neck and choked him.

14.

Defendant Rentz is white, and Plaintiff is black.

15.

Strangulation can cause unconsciousness within seconds and can cause death within minutes.

16.

Plaintiff was in a state of terror and extreme fear as Defendant Rentz took the leg shackles and wrapped them around his neck.  Plaintiff reasonably believed he might die.

17.

As a result of Defendants actions, Plaintiff suffered severe emotional distress.

18.

Defendant John Does were present in the solitary confinement cell and did not act to prevent Defendant Rentz from wrapping the leg shackles around Plaintiff's neck.

19.

An unknown Sheriff's Office employee reported the incident to the Sheriff, who, in turn, reported the incident to the Georgia Bureau of Investigation (GBI).

20.

The GBI investigated the events and determined that Defendants actions were likely to cause severe injury or death to Plaintiff.

21.

Indeed, Plaintiff suffered actual physical injuries resulting from Defendants' use of the shock shield.

22.

Furthermore, Plaintiff suffered emotional distress resulting from Defendant Rentz's use of leg shackles, tightening them around Plaintiff's neck.

23.

Officer Rentz was subsequently arrested.

**FIRST CLAIM FOR RELIEF 42 U.S.C. § 1983**
**Cruel and Unusual Punishment**
**in Violation of the Fourteenth**
**Amendment**

24.

Plaintiff realleges and incorporates herein by reference each and every allegation contained

in paragraphs 1 through 23 of this Complaint.

25.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or
> usage of any state or territory or the District of Columbia subjects or causes to be
> subjected any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges or immunities secured by the
> constitution and law shall be liable to the party injured in an action at law, suit in
> equity, or other appropriate proceeding for redress…..

26.

Plaintiff in this action is a citizen of the United States and the Defendant to this claim are

persons for purposes of 42 U.S.C. § 1983.

27.

Defendants to this claim, at all times relevant hereto, were acting under the color of state law

in their capacity as corrections officers for the Appling County Sheriff's Office and their acts or

omissions were conducted within the scope of their official duties or employment.

28.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Fourteenth Amendment.

29.

When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.

30.

 The Defendants' actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Plaintiff's Fourteenth Amendment rights.

31.

The Defendants' actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

32.

Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe injuries.

33.

The acts or omissions of Defendants were moving forces behind Plaintiff's injuries.

34.

The acts or omissions of Defendants' as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

35.

Defendants are not entitled to qualified immunity for their actions.

36.

As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual injuries, severe emotional distress, and other damages entitling him to compensatory and special damages, in amounts to be determined at trial.

37.

On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

38.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CLAIM FOR RELIEF 42 U.S.C. § 1983**
**Failure to Intervene in**
**Violation of the Fourteenth**
**Amendment**

39.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 of this Complaint.

40.

Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence.

41.

An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable for his nonfeasance.

42.

Defendant John Does were present at the scene when Defendant Rentz used a shock shield against Plaintiff with no legitimate purpose.

43.

Defendant John Does were also present when Defendant Rentz took leg shackles and wrapped them around Plaintiffs neck.

44.

Defendant John Does failed to take reasonable steps to protect Plaintiff from Defendant Rentz' constitutional violations.

45.

The Defendants' actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Plaintiff's Fourteenth Amendment rights.

46.

The Defendants actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

47.

Defendant unlawfully seized the Plaintiff by means of objectively unreasonable, excessive, and conscious shocking physical force, thereby unlawfully restraining the Plaintiff of his freedom.

48.

Defendant is not entitled to qualified immunity for his actions.

49.

As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional injuries, and other damages and losses entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages and may continue to incur further other special damages related expenses, in amounts to be established at trial.

50.

On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

51.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### THIRD CLAIM FOR RELIEF
### Assault and Battery
### O.C.G.A. § 51-1-13/14

52.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 of this Complaint.

53.

Defendants Rentz and John Does were verbally abusive to Plaintiff and intended to cause Plaintiff to fear for his safety.

54.

By using the shock shield against Plaintiff and later wrapping leg shackles around his neck, Defendant Rentz intentionally and violently injured Plaintiff.

55.

Therefore, Defendants Rentz and John Does are liable to Plaintiff for the torts of assault and battery.

56.

Defendants Rentz and John Does actions demonstrated willful misconduct, malice, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to their consequence.

57.

Punitive damages are appropriate against Defendants Rentz and John Does.

58.

Considering the information known to Defendants Rentz and John Does pre-suit and their failure to engage with Plaintiff whatsoever regarding that information, Defendants Rentz and John Does have been stubbornly litigious, acted in bad faith, and have caused Plaintiff unnecessary trouble and expense.

59.

Therefore, Plaintiff is entitled to recover his attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress**
**Georgia Common Law**

60.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 of this Complaint.

61.

Defendant Rentz and John Does' conduct toward Plaintiff was intentional when they used the shock shield against him and later wrapped leg shackles around his neck.

62.

That conduct against Plaintiff was extreme and outrageous.

63.

Defendant Rentz and John Does' conduct proximately caused Plaintiff extreme emotional distress, believing that he might die in jail as a pre-trial detainee.

64.

Plaintiff's emotional distress was severe.

WHEREFORE, Plaintiff prays:

    a)      For general damages, including emotional distress;

    b)      For all special damages, including consequential damages according to proof;

    d)      For costs of suit herein incurred, including attorneys' fees;

    e)      For punitive damages;

    f)      For such other and further relief as the court may deem proper;

    g)      That Plaintiff have a trial by jury as to all issues so triable.

The 19th day of January 2024.

                                           /s/ *M. Waite Thomas*
                                          M. Waite Thomas, Esq.
                                          Georgia State Bar No. 617667
                                          Attorney for Plaintiff

TAYLOR ODACHOWSKI SCHMIDT
      & CROSSLAND, LLC
300 Oak Street, Suite 200
St. Simons Island, Georgia 31522
Telephone:    (912) 634-0955
Facsimile:    (912) 638-9739
wthomas@tosclaw.com

                                           /s/ *Harry M. Daniels*
                                          Harry M. Daniels, Esq.
                                          Georgia State Bar No. 234158
                                          Attorney for Plaintiff *Pro Hac Vice*
                                          (pending)

LAW OFFICES OF HARRY M. DANIELS, LLC
4751 Best Road, Suite 490
Atlanta, Georgia 30337
Telephone:    (678) 664-8529
daniels@harrymdaniels.com