# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| KATHLEEN PINTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.: |
| | ) |
| SEA ISLAND RESORT LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, KATHLEEN PINTO ("Plaintiff" or "PINTO"), files her Complaint against the Defendant, SEA ISLAND RESORT LLC ("Defendant" or "Sea Island") and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), as amended by the Pregnancy Act of 1978 to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination and retaliation against Plaintiff because of her sex and pregnancy, leading to her unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Pinto, is a citizen of the United States was at all times material, a resident of the State of Florida.

5. Defendant, Sea Island, is a luxury resort located at 100 Cloister Dr, Sea Island, GA 31561.

6. Defendant, Sea Island is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On November 15, 2021, Plaintiff filed timely claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e) based on sex and pregnancy discrimination, and retaliation.

9. On March 21, 2024, the U.S. Equal Employment Opportunity Commission issued Plaintiff the Notice of Right to Sue.

10. This complaint was timely filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

11. Plaintiff is a female.

12. Plaintiff began working for Defendant Sea Island through a placement with Defendant APDC Cleaning Services, Inc. ("APDC") on or around March 9, 2021 for a seasonal position to extend at least until October 9, 2021, where she was assigned to the Snack Shack Beach Restaurant at Sea Island's Beach Club.

13. Plaintiff worked an average of 10 hours a day at a rate of $16 per hour, was provided round-trip transportation from Orlando, Florida to Sea Island, Georgia, and was provided a room on-site she shared with another employee for a discounted rate.

14. Plaintiff's supervisors were Chef Manager Greg Smith, along with Chef Martin Cárdenas and Sous Chef Julio Álvarez.

15. Through her employment Plaintiff was subjected to discriminatory and disparate treatment. For example, Chef Cardenas did not allow Plaintiff to take any breaks or eat during her scheduled mealtime, telling Plaintiff "If I do not eat, you do not eat either."

16. On July 12, 2021, Plaintiff learned she was pregnant.

17. On July 13, 2021, Plaintiff attempted to find Sous Chef Julio Alvarez to advise of her pregnancy; Mr. Alvarez was not in his office.

18. When Plaintiff inquired, Chef Kelvo (last name unknown) informed Plaintiff that Mr. Alvarez was in another kitchen.

19. Plaintiff sent Mr. Alvarez a message via WhatsApp at 8:11pm, informing him of her pregnancy.

20. Approximately one hour later, Supervisor Gabriel Salazar called Plaintiff and instructed her to not go into work on July 14, 2021. Mr. Salazar further expressed Plaintiff was not permitted to work the following day because Sea Island Chef Manager, Greg Smith, alleged a reduction in staff.

21. On or around July 17, 2021, Plaintiff spoke with a Sea Island Human Resources Representative who verbally stated Sea Island was unsure why Plaintiff was no longer permitted to work with Sea Island as APDC was actively hiring for Sea Island at the time – and there was no reduction in staffing.

22. Sea Island contacted Mr. Smith who in response stated Defendants could not have a pregnant cook. Thus, Plaintiff's termination was upheld.

23. Plaintiff was forced to leave her on-site housing and was effectively homeless and with no way to return to Orlando, Florida from Sea Island, Georgia.

24. Plaintiff was in communication with Mr. Salazar however Mr. Salazar repeatedly was evasive and did not provide Plaintiff

25. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional.

26. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

27. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

### Count I: Sex and Pregnancy Discrimination under Title VII

28. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

29. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex and pregnancy.

30. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex and pregnancy with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

31. Defendant violated Title VII by terminating Plaintiff based on her sex and pregnancy.

32. Plaintiff has been damaged by the Defendant's illegal conduct.

33. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

34. Defendant engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to and award of punitive damages.

### Count II: Retaliation in Violation of Title VII

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

36. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

37. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

38. Defendant's conduct violated Title VII.

39.     Defendant's discriminatory conduct, in violation of Title VII, caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

40.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

41.     Defendant engaged in discriminatory practices with malice and reckless Indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)  Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)  Grant Plaintiff her

c)   costs and an award of reasonable attorneys' fees (including expert fees); and

d)  Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gabrielle Klepper**
Gabrielle Klepper
Georgia Bar No.: 341618
**Spielberger Law Group**
4890 W. Kennedy Blvd.
Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.klepper@spielbergerlawgroup.com

*Counsel for Plaintiff*