# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

## BRUNSWICK DIVISION

| | |
|---|---|
| **UNITED STATES FOR THE USE AND BENEFIT OF F.D. THOMAS, INC.,** | |
| AND | |
| **F.D. THOMAS, INC.,** | |
| Plaintiffs, | |
| v. | |
| **FEDERAL INSURANCE COMPANY,** | Case No. _____ |
| AND | |
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,** | |
| Defendants. | |

## COMPLAINT

United States of America for the use and benefit of F.D. Thomas, Inc. and F.D. Thomas, Inc., by and through its undersigned counsel, state as follows for their Complaint against Federal Insurance Company and Travelers Casualty and Surety of America.

## PARTIES

1.      F.D. Thomas, Inc. ("FDT") is a construction company incorporated in Oregon, with its principal place of business in Central Point, Oregon.

2.      Upon information and belief, Federal Insurance Company ("Federal") is an insurance company incorporated in New Jersey, with its principal place of business in Whitehouse Station, New Jersey.

1

3.      Upon information and belief, Travelers Casualty and Surety Company of America ("Travelers") is an insurance company incorporated in Connecticut, with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

4.      This action is brought pursuant to the federal Miller Act, codified in 40 U.S.C. §§ 3131, *et seq.* Pursuant to 40 U.S.C. § 3133(b)(3)(A), this action is brought in the name of the United States for the use and benefit of FDT.

5.      Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this civil action that arises under the laws of the United States. In addition, this court has pendent jurisdiction over the other claims brought herein.

6.      This Court has personal jurisdiction over Defendants pursuant to O.C.G.A. § 9-10-91 because, among other things, the claims asserted by FDT against Defendants in this action arise from Defendants' regular transaction of business in the State of Georgia.

7.      Pursuant to 40 U.S.C. § 3133(b)(3)(B), this action is brought in the United States District Court for the district in which the contract was to be performed. The claims stated in this Complaint arose from the performance of a subcontract on a federal public works project constructed at the Naval Submarine Base in Kings Bay, Georgia. As such, venue is proper in the Southern District of Georgia, Brunswick Division.

## FACTUAL ALLEGATIONS

8.      On September 26, 2018, the United States Navy ("NAVY") awarded Contract No. 69459-18-C-0905 to M.A. Mortenson Company ("MAM"), a general contractor, which included two contract line-item numbers ("CLINS") to be performed in two phases at the Explosive Handling Wharf ("EHW") located at Kings Bay Submarine Base in Kings Bay, Georgia (the

"Project").

9.      Pursuant to the Miller Act, 40 U.S.C. §§ 3131 to 3134, Federal and Travelers, as sureties, provided a payment bond (the "Bond") on behalf of MAM, as principal, to the NAVY as security for payment of subcontractors and suppliers for labor and materials provided to the Project.

10.     MAM subsequently entered into a subcontract with CL Coatings, LLC ("CLC") to perform all of the steel blasting and coating work, which included bays 1 through 13 of the Project.

11.     MAM also entered into a subcontract with Brand Safway to design and install the scaffolding necessary for CLC to perform the blasting and coating work.

12.     Over the next 18 months, MAM became dissatisfied with CLC's performance and, having been pleased with FDT's performance on prior projects, approached FDT to supplement CLC in its performance of the work.

13.     FDT priced the work various times throughout the fall of 2020, and MAM ultimately agreed to award a portion of CLC's scope of work for the blasting, coating and sealant work of bays 7 through 13 and the support building exterior to FDT in the amount of $17,994,721.00 (the "Subcontract").

14.     Throughout FDT's performance of the Subcontract, FDT experienced changes and delays to the work for which FDT is not responsible, including but not limited to a (1) lack of access and temporary power delay, (2) steel repair funding delay, (3) dry dock labor directive impact, (4) improper inspections delay, and (5) resequencing of work.

15.     The changes and delays experienced by FDT on the Project caused FDT to incur additional costs in excess of $25,930,391.95 for which FDT has requested payment in the form of proposed change orders, invoices, and two requests for equitable adjustment (the "REAs") to no

avail.

16.     In addition to the changes and delays captured in the REAs, MAM is also withholding the retainage amounts due under the Subcontract in an amount in excess of $1,432,598.91.

## COUNT I – CLAIM ON PAYMENT BOND
### (FEDERAL INSURANCE COMPANY AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA)

17.     The allegations in the foregoing Paragraphs are incorporated herein by reference as if fully stated herein.

18.     As required by the federal Miller Act, 40 U.S.C. §§ 3131 *et seq*., Federal and Travelers issued the Bond guaranteeing payment to subcontractors like FDT that furnished labor or material for the Project.

19.     FDT furnished labor or material in carrying out work provided in a contract for which a payment bond was furnished under 40 U.S.C. § 3131.

20.     FDT timely submitted payment applications and REAs for work it performed on the Project.

21.     MAM has failed or otherwise refused to remit payment to FDT for all work it performed on the Project, including the delays and changes caused by MAM.

22.     FDT performed all the terms and conditions required of it under the Subcontract and the Bond and/or is otherwise excused from performance because of MAM's breach of its obligations to FDT.

23.     This action has been filed within one year of the last day FDT provided labor or materials to the Project. Consequently, pursuant to 40 U.S.C. § 3133(b)(1), FDT may bring an action on the Bond for the amount unpaid.

24.     In addition to its failure to respond to the REAs, MAM has failed to pay the remaining monies due FDT under the Subcontract.

25.     FDT demands judgment in its favor and against Federal and Travelers, jointly and severally, in the principal amount in excess of $27,362,990.86, plus interest, and for such further and different relief as the Court deems just and proper.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff FDT prays the Court to enter judgment as follows:

1.     That Defendants be held jointly and severally liable under each claim for relief set forth in this Complaint;

2.     That FDT has and recovers monetary damages against Defendants for all damages suffered as a result of the acts complained herein;

3.     That FDT has and recovers pre-judgment and post-judgment interest as may be allowed by law;

4.     That the costs of this action, including reasonable attorneys' fees, be taxed against Defendants pursuant to applicable law; and

5.     That the court award FDT such other and further relief as may be deemed just and proper.

Respectfully submitted this 12th day of August, 2024.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ John H. Elliott*
John H. Elliott
Georgia Bar No. 350612
Bob Symon (Pro Hac Vice Application
Forthcoming)
Eric A. Frechtel (Bar No. 24945) (Pro Hac Vice
Application Forthcoming)

Jackson Parker (Pro Hac Vice Application
Forthcoming)
Georgia Bar No. 133537
Promenade Tower
1230 Peachtree Street NE, 20th Floor
Atlanta, GA 30309
jelliott@bradley.com
rsymon@bradley.com
efrechtel@bradley.com
jparker@bradley.com
Telephone: 404-868-2100
Facsimile: 404-868-2010

*Counsel for Plaintiff F.D. Thomas, Inc.*